# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION<br><br>This document relates to:<br><br>*Smith v. Monsanto Co.*, 17-cv-02142-VC | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 156: DENYING MOTION TO REMAND IN SMITH V. MONSANTO CO.** |

Monsanto removed this 108-plaintiff case under CAFA's mass action provision, which provides for federal jurisdiction over a case "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). After the case was transferred to the MDL, the plaintiffs moved to remand on the basis that their claims were not "proposed to be tried jointly," and that jurisdiction was therefore lacking.[1]

As a matter of common sense, it was presumably clear to everyone at the outset that these

---

[1] Notably, CAFA states that a case removed "pursuant to" the mass action provision may only be transferred under the MDL statute, 28 U.S.C. § 1407, if "a majority of the plaintiffs in the action" request to be transferred. 28 U.S.C. § 1332(d)(11)(C)(i). While none of the plaintiffs made that request here, this case was in fact removed on two bases: the mass action provision and federal question jurisdiction. The Court subsequently rejected Monsanto's proposed basis for federal question jurisdiction, *see* Dkt. No. 377, but the transfer was still proper at the time. *See In re Darvocet, Darvon & Propoxyphene Products Liab. Litig.*, 939 F. Supp. 2d 1376, 1379-81 (J.P.M.L. 2013). As a result, and because neither party objected to deciding the motion to remand within the MDL, the Court sees no need to send this case back to the JPML. *But see In re Lipitor (Atorvastatin Calcium) Mktg. Sales Practices and Products Liab. Litig.*, No. 2:14-mn-2502-RMG, 2016 WL 7373887, at *14 (D.S.C. July 14, 2016) (concluding that a case was not properly in the MDL where the mass action provision was the only remaining basis for removal).

108 plaintiffs would never proceed to trial together. On one level, therefore, it might seem strange to assume, as Monsanto urges, that a joint complaint is presumed to be a request for a joint trial. Nevertheless, nowhere in the complaint did the plaintiffs disclaim an intent to hold a joint trial, and the complaint in fact requests "a jury trial" seeking damages in "an amount" greater than $25,000. *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013) (assuming that similar language proposed a joint trial); *Ramirez v. Vintage Pharm., LLC*, 852 F.3d 324, 329 (3d Cir. 2017) ("Where a single complaint joins more than 100 separate claims involving common questions of law and fact, there is a presumption that those plaintiffs have implicitly proposed a joint trial."). This language is sufficient to support the exercise of jurisdiction.[2] *See Visendi*, 733 F.3d at 868 ("Whether Plaintiffs' claims ultimately proceed to a joint trial is irrelevant.").

Moreover, because this case was removed under CAFA, there is no presumption in favor of remand. *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015). To the contrary, "Congress and the Supreme Court have instructed [courts] to interpret CAFA's provisions under section 1332 broadly in favor of removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Given that and the caselaw interpreting the mass action provision, the motion to remand must be denied. The plaintiffs have 45 days from the date of this order to file individual complaints in accordance with Pretrial Order No. 155.

**IT IS SO ORDERED.**

Date: July 8, 2019

Honorable Vince Chhabria
United States District Court

---

[2] If it were clear under Missouri law that a multi-plaintiff complaint did not propose a joint trial, then perhaps the outcome would be different. But the state's permissive joinder rule, Missouri Supreme Court Rule 52.05, "is intended to permit multiple claims to be tried together and thus avoid unnecessary litigation." 15 Mo. Prac., Civil Rules Practice § 52.05:1, 5 (2018 ed.). Thus, state law does not appear to provide a basis for challenging the presumption that a joint complaint proposes a joint trial.